# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENGHIS KHAN ALI STEVENSON,<br><br>Plaintiff,<br><br>v.<br><br>DERRAL G. ADAMS, et al.,<br><br>Defendants.<br>_____/ | CASE NO. 1:11-cv-00720-SKO PC<br><br>FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>THIRTY-DAY DEADLINE |

**First Screening Order**

**I.   Screening Requirement and Standard**

Plaintiff Genghis Khan Ali Stevenson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 5, 2011. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's

1 allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.    Plaintiff's Complaint

### A.    Joinder Requirements

Plaintiff, who is presently incarcerated at Kern Valley State Prison, brings this suit against prison staff for violating his rights under the United States Constitution while he was incarcerated at California State Prison-Corcoran in 2009. As an initial matter, Plaintiff is raising claims based on two separate sets of events. This first set of claims arises from the alleged interference with Plaintiff's pending court cases. The second set of claims arises from a false accusation that Plaintiff refused a cellmate, which led to Plaintiff's placement in a holding cage overnight and the issuance of a disciplinary charge against him, of which he was subsequently found guilty.

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). As an initial matter, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly

joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

In the sections that follow, the Court will provide Plaintiff with standards applicable to his claims and general notice of the deficiencies. In his amended complaint, Plaintiff shall choose which claims he wishes to pursue in this action. If Plaintiff does not do so and his amended complaint sets forth unrelated claims which violate joinder rules, the Court will dismiss the claims it finds to be improperly joined.

**B.    Plaintiff's Legal Claims**

**1.    Claim 1**

**a.    Access to the Courts**

Plaintiff's first set of claims, identified as Claim 1 by Plaintiff, stems from his inability to access his legal property following his return to CSP-Corcoran after being "out to court" for approximately five months. Plaintiff alleges that in one of his court cases, he was forced to discuss settlement negotiations with the Attorney General's Office on speakerphone rather than in private and then, after being given one week to accept a settlement offer, Plaintiff was unable to respond in writing because he did not have access to his property. Plaintiff also alleges that he missed a scheduling order deadline in an Imperial County court case and he missed the deadline to file an opposition to a motion for summary judgment in case number 3:07-cv-01619-W-NLS (S.D.Cal).

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate his cases. Silva v. Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual

injury, which requires actual prejudice with respect to his existing litigation. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted). In addition, Plaintiff must establish causation by linking the injury complained of to the actions or omissions of one or more named defendants. Phillips v. Hust , 588 F.3d 652, 655 (9th Cir. 2009).

Plaintiff does not have any recognized constitutionally-protected right to a confidential phone call with opposing counsel in his civil case. See U.S. v. Monghur, 588 F.3d 975, 979 (9th Cir. 2009) (no reasonable expectation of privacy in jail phone call conversations); U.S. v. Van Poyck, 77 F.3d 285, 290-91 (9th Cir. 1996) (no reasonable expectation of privacy in outbound phone calls from jail); Partington v. Gedan, 961 F.2d 852, 863 (9th Cir. 1992) (Sixth Amendment implicated in limited circumstances where governmental intrusion into attorney-client privilege substantially prejudices a criminal defendant); Golden v. County of Tulare, No. 1:09-cv-00263-OWW-SMS, 2011 WL 1087097, at *2-3 (E.D.Cal. 2011) (pretrial detainee entitled to a confidential phone call with his attorney); see also Cal. Code Regs., tit. 15, § 3282(a)(2) (defining a confidential phone call as one between an inmate and his or her own attorney).

Regarding Plaintiff's apparent inability to accept the settlement offer, it is neither clear why Plaintiff needed full access to all of his legal property in order to mail a letter to defense counsel accepting the offer nor clear who was responsible for impeding Plaintiff's alleged inability to accept the settlement offer. Plaintiff may not rely upon vague, conclusory allegations to support his claim for relief. Both an actual injury and causation must be sufficiently pled. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

The allegation that Plaintiff missed a case management deadline in his Imperial County superior court case also fails to state a claim. It is unknown what type of litigation was at issue, whether Plaintiff suffered any actual injury from this event, and who was responsible for hindering his litigation ability.

Finally, Plaintiff's claim that his inability to access his legal material between March 4, 2009, and April 8, 2009, prevented him from filing his opposition to a motion for summary judgment in 3:07-cv-01619-W-NLS is not borne out by the record in that case. The Court takes judicial notice

of the fact that on April 27, 2009, the court granted Plaintiff a forty-five day extension of time to file his opposition. United States v. Howard, 381 F.3d 873, 876, n.1 (9th Cir. 2004). Plaintiff did not file an opposition; how prison officials caused him any actual injury relating to the summary judgment stage, given the record, is unclear.

### b.     Due Process and Equal Protection

Plaintiff also alleges that the aforementioned events deprived him of his personal property without due process and violated his right to equal protection. Plaintiff's temporary separation from his property following his arrival back at CSP-Corcoran after having been gone for five months does not support a due p rocess claim. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994); Cummer v. Tilton, No. CIV S-09-2702 DAD P, 2010 WL 2606502, at *5 (E.D.Cal. 2010); Owens v. Ayers, No. C 01-3720 SI (PR), 2002 WL 73226, at *2 (N.D.Cal. 2002).

Further, Plaintiff's complaint is devoid of any allegations supporting a claim that he was intentionally discriminated against based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that he was otherwise intentionally treated differently from other similarly situated individuals without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

The Court will provide Plaintiff with the opportunity to cure the deficiencies identified herein, to the extent they are curable.

### 2.     Claim 2

#### a.     Allegations

Plaintiff's second set of claims arises from events which began on May 11, 2009, mid-morning, when he was approached by Officer Cavazos and asked to determine if he was compatible with a new inmate, Desouza. Plaintiff and Desouza spoke, agreed they were compatible, and signed a compatibility chrono. In the mid-afternoon, after inquiring whether Desouza was coming to his

cell or not and being met with puzzlement on the part of Defendant DeOchoa, Plaintiff was subsequently ordered to cuff up and taken to a holding cage. Desouza was still occupying the other holding cage, and he confirmed he had been there since that morning and he had just told Defendant DeOchoa upon questioning that he had spoken with Plaintiff that morning and he did not know Plaintiff from anywhere. Defendant DeOchoa reappeared with Plaintiff's personal property; when Plaintiff asked him what was going on, he said Plaintiff had refused a cellmate and was going to spend the night in the holding cage because there was no other space available. Plaintiff denied refusing a cellmate and asked to speak to a sergeant. When Defendant Pruhdel, a sergeant, arrived, he told Plaintiff he did not want to hear any complaints or his property would be confiscated and Plaintiff was going to sleep in the holding cage while Desouza would get the cell.

Plaintiff was housed overnight in the holding cage in his t-shirt, boxer shorts, socks, and shower shoes. Plaintiff alleges that it was cold because the air vent was blowing on him all night, the cell was dirty, he was bitten by insects, he did not have food or water, and he was not allowed to use the restroom. The next morning, Plaintiff was taken to use the restroom and get water, and he was re-housed in a different unit. A nurse came to check on him and he informed her of the insect bites, which she viewed and then directed Plaintiff to fill out a request for treatment slip.

Plaintiff was subsequently issued a rules violation report for disobeying an order and was found guilty at a hearing held without him.

### b.    **Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). To state a claim, Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to him. E.g., Farmer, 511 U.S.

at 847; Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 811 (9th Cir. 2009).

The Court finds that Plaintiff's allegations fall well short of supporting a claim under the Eighth Amendment. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969; Doe I, 572 F.3d at 681. While perhaps less comfortable than a regular cell, Plaintiff spent one night in an indoor holding cage in the Central Valley of California in mid-May. Even if Plaintiff had no access to food or water overnight and he was not taken to the restroom until the next morning, there is no basis for a plausible claim that Plaintiff was subjected to conditions so objectively grave that they violated the Eighth Amendment. Johnson, 217 F.3d at 731-32. Also absent are allegations sufficient to support a plausible claim for relief against prison officials for knowingly disregarding an excessive risk of harm to Plaintiff's health or safety. Farmer, 511 U.S. at 837-38; Johnson, 217 F.3d at 733-34.

### c.  Due Process

Plaintiff alleges various due process violations relating to the issuance of the allegedly false rules violation report and the hearing. However, Plaintiff's exhibits establish that Plaintiff lost time credits as a result of being found guilty. (Comp., court record p. 65.)

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005). This exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81. Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-2. As a result of this bar, until and unless Plaintiff has succeeded in having the credit forfeiture set aside, he is precluded from litigating in this action any alleged violation of his rights as it relates to the rules violation report and the disciplinary hearing.

### d. Miscellaneous

Finally, Plaintiff again alleges a due process claim relating to the temporary deprivation of his personal property and an equal protection claim. For the reasons previously articulated in subsection B(1)(b), neither claim is viable.

### III. Conclusion and Order

Plaintiff's complaint fails to state any claims under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes in good faith he can cure the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint and in amending, Plaintiff must comply with the applicable joinder rules. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at __, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

8

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   **March 20, 2012**                              /s/ Sheila K. Oberto
                                                         UNITED STATES MAGISTRATE JUDGE